# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Strike 3 Holdings, LLC,

                Plaintiff,        Case No. 22-10419

v.                                    Judith E. Levy
                                    United States District Judge

JOHN DOE subscriber assigned IP
Address 69.14.255.229,        Mag. Judge Jonathan J.C. Grey

                Defendant.

_____/

## ORDER GRANTING LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE [4]

Plaintiff Strike 3 Holdings, LLC brings this copyright infringement action against John Doe, an internet subscriber assigned IP address 69.14.255.229. Plaintiff alleges that Defendant downloaded and distributed Plaintiff's copyrighted works on the BitTorrent network in violation of 17 U.S.C. § 106. Plaintiff further alleges that it does not know Defendant's identity beyond the IP address, which Plaintiff discovered through the work of an investigator hired to investigate copyright infringement of its works.

This matter is now before the Court on Plaintiff's *ex parte* motion to serve a subpoena on third-party WideOpenWest, Defendant's internet service provider. (ECF No. 4.) Plaintiff argues that it should be permitted to issue a Rule 45 subpoena prior to a Rule 26(f) conference because it cannot determine Defendant's identity and proceed with this copyright infringement lawsuit absent such a subpoena. *See* Fed. R. Civ. P. 26(f), 45.

Rule 26 authorizes parties to engage in discovery only after the parties have met and conferred, but a district court may, in its discretion, order discovery prior to the 26(f) conference. Fed. R. Civ. P. 26(d)(1). It is not uncommon for discovery, such as the subpoena requested here, to be authorized prior to the 26(f) conference in copyright infringement cases. *See Arista Records, LLC v. Doe,* 604 F.3d 110, 119 (2d Cir. 2010); *Malibu Media, LLC v. John Does 1-9*, No. 12-cv-12587, 2013 WL 142083 at *1 (E.D. Mich. January 11, 2013). In such cases, the party alleging copyright infringement must demonstrate that it has "good cause" for early discovery. *Third Degree Films, Inc. v. Does 1-72*, No. 12-cv-14106, 2012 WL 12931709 at *1 (E.D. Mich. November 13, 2012) (citing *Arista Records*, 604 F.3d at 119). A plaintiff demonstrates good cause where it

"(1) [] makes a prima facie showing of a copyright infringement claim; (2) [] submits a specific discovery request; (3) the information sought is limited in scope and not available through alternative means; and (4) there is a minimal expectation of privacy on the part of the defendant." *Id.*

Here, Plaintiff has met each of the four elements. It has made out a prima facie case of copyright infringement by showing it owns a valid copyright and Defendant copied original elements of that copyright. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). (*See also* ECF No. 1, PageID.7–8.) Plaintiff's discovery request is specific and limited in scope, as it wishes to issue a subpoena to WideOpenWest for the specific and limited purpose of determining the subscriber to whom the infringing IP address was issued. Last, though Defendant has an interest in privacy and anonymity in his or her actions online, such an interest is not a "license for copyright infringement." *Arista Records*, 604 F.3d at 118. This Court is currently evaluating the perspective set forth by Judge Royce C. Lamberth in *Strike 3 Holdings, LLC v. John Doe*, No. 18425, 2018 WL 6027046 (D.D.C. Nov. 16, 2018), but at this time, and without further briefing, will not adopt that position.

3

Accordingly, Plaintiff's motion is granted on the following terms:

1. Plaintiff may issue a subpoena to WideOpenWest but may only use the information obtained for the limited purpose of enforcing its rights under 17 U.S.C. § 106.

2. The subpoena may only seek the full name and address of the subscriber with the IP address 69.14.255.229.

3. Plaintiff shall attach a copy of this order to the subpoena, and the subpoena shall instruct WideOpenWest to notify Defendant and provide a copy of the subpoena and this order to Defendant within seven days of service of the subpoena.

4. Defendant shall have thirty (30) days from the date of notice to file any appropriate motion with the Court.


Dated: April 22, 2022                s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                              United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2022.

5

                              <u>s/William Barkholz</u>
                              WILLIAM BARKHOLZ
                              Case Manager